628 So.2d 207 (1993)
STATE of Louisiana, Appellee,
v.
Jimmy Ray BROWN, Appellant.
Nos. 25,472-KA, 25,473-KA.
Court of Appeal of Louisiana, Second Circuit.
December 1, 1993.
*208 Raymond L. Cannon, Tallulah, for appellant.
Richard Ieyoub, Atty. Gen., James D. Caldwell, Dist. Atty., Evelyn Kelly, Asst. Dist. Atty., Tallulah, for appellee.
Before MARVIN, SEXTON and HIGHTOWER, JJ.
HIGHTOWER, Judge.
In consolidated cases, after considering two charges of distribution of cocaine, LSA-R.S. 40:967 A, a jury found Jimmy Ray Brown guilty as charged in one matter and returned a conviction of attempt, LSA-R.S. 40:967 A and 14:27, in the other. (For ease of discussion, we will refer to these charges as Count One and Count Two, respectively.) Based upon a presentence investigation report and the felony sentencing guidelines, the trial court imposed a pair of concurrent terms of hard labor incarceration, one for nine years and another for four and one-half years. Relying upon three assignments of error, defendant now appeals. For the reasons expressed herein, we affirm the conviction and sentence as to Count One, but reverse in regard to Count Two.

FACTS
On the afternoon of March 14, 1991, in the parking lot of Blue's Bar in Tallulah, defendant approached an undercover police agent and offered to sell a controlled dangerous *209 substance. Officer George Harrison, a deputy from Franklin Parish assisting the Madison Parish sheriff's department in controlled drug buys, asked the advancing individual what he possessed. Brown's answer, "quarters," indicated to the trained officer that this party could provide rock cocaine for twenty-five dollars. After haggling about the price, Harrison exchanged a twenty-dollar bill for the offered item. Laboratory analysis subsequently confirmed the purchased object to be cocaine, resulting in the Count One charge.
When another undercover agent, Mike Traxler, drove into the parking lot later that afternoon, several men, including Brown, moved toward him. While one individual sold the driver cocaine, defendant knocked on the car window and requested entrance into the vehicle. Traxler would later testify that he believed Brown's actions constituted an attempt to outsell the other vendor. Here, also, the lab confirmed the substance obtained in the second transaction to be cocaine.

DISCUSSION

Sufficiency of the Evidence
We first address defendant's assignment of error in which he challenges the sufficiency of the evidence by asserting that the trial court erred in denying his post-verdict motion for acquittal, filed pursuant to LSA-C.Cr.P. Art. 821.
The criteria for evaluating sufficiency of evidence is whether, upon viewing evidence in the light most favorable to the prosecution, any rational trier of fact could have found all elements of the crime proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Washington, 597 So.2d 1084 (La.App.2d Cir.1992). That standard, initially enunciated in Jackson, and now legislatively embodied within LSA-C.Cr.P. Art. 821, is applicable in cases involving both direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La.1983); State v. Perry, 612 So.2d 986 (La.App.2d Cir.1993).
Further, it is the function of the judge or jury to assess credibility and resolve conflicting testimony. State v. Thomas, 609 So.2d 1078 (La.App.2d Cir.1992), writ denied, 617 So.2d 905 (La.1993); State v. Bonnett, 524 So.2d 932 (La.App.2d Cir.1988), writ denied, 532 So.2d 148 (La.1988). Where the trier of fact has made a rational determination, an appellate court should not disturb it. State v. Mussall, 523 So.2d 1305 (La.1988); State v. Combs, 600 So.2d 751 (La.App.2d Cir.1992), writ denied, 604 So.2d 973 (La. 1992). Indeed, in the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the fact-trier, is sufficient support for the requisite factual conclusion. State v. Reaves, 569 So.2d 650 (La.App.2d Cir.1990), writ denied, 576 So.2d 25 (La. 1991); State v. Shepherd, 566 So.2d 1127 (La.App.2d Cir.1990).
LSA-R.S. 40:967 A prohibits the knowing and intentional distribution of cocaine. Concerning the transaction with Officer Harrison (Count One), ample evidence exists to support the conviction. The deputy testified that Brown approached his vehicle and began bargaining. Finally, the deputy gave the accused a twenty-dollar bill in exchange for a rock-like substance. Through surveillance of the area, the state also obtained, and submitted into evidence, a video tape recording the sale. The jury, by this means, witnessed the described activity.
On appeal, defendant complains that the state failed to introduce the actual cocaine. LSA-R.S. 15:499, however, allows entities such as criminalistic laboratories to make proof of examination and analysis of physical evidence by the certificate of the person in charge of the facility. Such documents "shall be received in evidence as prima facie proof of the facts shown thereon, and as prima facie proof of proper custody of the physical evidence listed thereon from time of delivery of said evidence to the facility until its removal therefrom." LSA-R.S. 15:500.
In the case sub judice, Officer Harrison testified that, immediately upon leaving the crime scene, he reported to and relinquished the purchased object to Sammie Byrd, a deputy sheriff for Madison Parish. Thereafter, Byrd marked the rock for identification *210 and secured it in the evidence locker. Two days thereafter, he delivered the suspected matter to the North Louisiana Crime Lab. Analysis, as shown by laboratory certificate, confirmed the item to be cocaine. Thus, although the state declined to produce the contraband itself, testimony and documents in evidence establish that the object sold by Brown later proved to be a Schedule II controlled dangerous substance. Accordingly, anent Count One, this assignment lacks merit.
Although the state asserted a charge of distribution of cocaine in reference to the second transaction (Count Two), the jury found defendant guilty of the lesser included offense of attempt. Pursuant to LSA-R.S. 14:27, an "attempt" requires that an offender possess a specific intent to commit a crime and, also, that he do some act for the purpose of, and tending directly toward, the accomplishing of his object. Here, Traxler could only testify that Brown requested entrance into his vehicle. For that reason, the undercover agent "felt like" defendant desired to sell drugs to him.
Although Brown stood with the group of men who actually participated in the sale of cocaine, nothing indicates he acted in concert with these individuals. Even to convict a party as a principal, LSA-R.S. 14:24, the state must prove more than mere presence at the crime scene. State v. Gordon, 504 So.2d 1135 (La.App. 5th Cir.1987). Nor is it shown that, by simply seeking access to the car, the accused sought to accomplish a personal sale. So too, the video recording of the event does not advance the prosecution's case in this respect, serving instead only to confirm the agent's description of the transaction. Hence, even viewing the facts in the light most favorable to the prosecution, insufficient evidence exists to support the jury verdict. We, accordingly, reverse defendant's conviction of attempted distribution of cocaine and vacate the attendant four and one-half year sentence.

Mistrial
In another assignment of error, defendant complains that the trial court erred in overruling his motion for mistrial, prompted by the state's remarks during rebuttal argument.
Of course, summations in criminal cases should be confined to the evidence admitted, the lack of evidence, conclusions of fact which may be drawn therefrom, and the law applicable to the case. State v. Washington, supra. Appeals to prejudice are obviously inappropriate. LSA-C.Cr.P. Art. 774. When prejudicial conduct inside the courtroom makes it impossible for a defendant to obtain a fair trial, a mistrial may be granted. LSA-C.Cr.P. Art. 775. However, the determination of whether to order such a remedy rests within the sound discretion of the trial judge, and the denial of a motion for mistrial will not be disturbed on appeal absent an abuse of that discretion. State v. Smith, 433 So.2d 688 (La.1983); State v. Thomas, supra.
During rebuttal, in response to Brown's closing argument, the prosecutrix remarked, "Mr. Cannon's purpose, as a Defense, is to confuse you." Claiming this to be an appeal to prejudice, defense counsel immediately sought a mistrial based upon the statement and the direct personal reference. The trial court, finding no prejudice, denied the motion and then admonished the jury that the attorneys' arguments could not be considered as evidence.
Mistrial, a drastic measure, should be ordered only where the prejudice suffered by the defendant has deprived him of any reasonable expectation of a fair trial. State v. Thomas, supra. Moreover, a reversal due to improper closing argument is not required unless the reviewing court is thoroughly convinced the remarks influenced the jury and contributed to the verdict. State v. Gladney, 577 So.2d 1179 (La.App. 2d Cir.1991). Clearly, comments by the prosecutor about counsel for defendant have no place in a criminal proceeding. State v. Craddock, 435 So.2d 1110 (La.App. 1st Cir.1983). Nevertheless, in the case sub judice, the trial court's admonition to the jury corrected any possible detriment. Thus, the defendant demonstrates no prejudice, and this assignment of error lacks merit.

*211 Excessive Sentence

Finally, defendant contends that the trial court erred in imposing a constitutionally excessive sentence. Having timely filed a motion for reconsideration under LSA-C.Cr.P. Art. 881.1, he is entitled to appellate review of the term of incarceration. LSA-C.Cr.P. Art. 881.2(A); State v. Tracey, 612 So.2d 984 (La.App. 2d Cir.1993). Of course, having reversed the conviction on Count Two, we consider only the sentence imposed on Count One.
Although the trial court applied the guidelines as promulgated by the Louisiana sentencing commission, she did not designate on the record which grid cell controlled. Our review of the presentence investigation report reveals that defendant's offense of conviction and prior criminal history classifies him into the 2D designation, recommending 84 to 108 months of incarceration. La.S.G. § 403(A). The imposed term of imprisonment, nine years, falls within this range. Such a sentence is appropriate for such an offender, and is not excessive under the Louisiana Constitution. La.S.G. § 201(C); State v. Essex, 618 So.2d 574 (La.App. 2d Cir. 1993); State v. Barnes, 607 So.2d 872 (La. App. 2d Cir.1992).
As an example of the excessiveness of his sentence, both on appeal and during his oral motion to reconsider, Brown argued that, inasmuch as he sold cocaine to an undercover agent, his actions did no harm to society. Rather, as a cocaine addict, he claimed the role of victim. Nevertheless, the trial court correctly concluded this could not excuse his illegal behavior. In examining the excessiveness of a sentence, we consider whether the incarceration term is too severe, given the circumstances of the case and the background of the defendant. For a discussion of the parameters applied in that determination, see LSA-Const. Art. 1, § 20; State v. Barberousse, 480 So.2d 273 (La.1985); State v. Square, 433 So.2d 104 (La.1983); State v. Bonanno, 384 So.2d 355 (La.1980). Here, our review of the record does not reveal the sentence to be an unnecessary infliction of pain and suffering.

Errors Patent
Finally, we have reviewed the record for errors patent. LSA-C.Cr.P. Art. 930.8 provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. Although the record does not show Brown being so advised, this apparent oversight is not grounds for reversal. See LSA-C.Cr.P. Art. 921. Inasmuch as the required notice is designed to apprise the defendant in advance concerning the elapsing of the statutory time limitation, the district court is hereby directed to send appropriate written notice to Brown within ten days of the rendition of this opinion and then file, in the record, written proof that defendant received such notice.

CONCLUSION
Accordingly, for the foregoing reasons, the conviction and sentence as to Count One (Trial Court No. 64,196) are affirmed. Concerning Count Two (Trial Court No. 64,197), the conviction is reversed and the sentence vacated.
AFFIRMED IN PART; REVERSED AND VACATED IN PART.