HIGHTOWER, Judge.
Originally charged with possession of cocaine with intent to distribute, LSA-R.S. 40:967(A)(1), and conspiracy to engage in such conduct, LSA-R.S. 40:979, Don Wilson pled guilty to the latter offense in exchange for dismissal of the other count. After considering the Louisiana Felony Sentencing Guidelines and a presentence investigation report, the trial court deviated from the suggested grid cell and imposed a five-year term of imprisonment, along with a recommendation for intensive incarceration per LSA-R.S. 15:574.4. In this appeal, defendant challenges the upward departure from the guidelines. Finding no valid aggravating circumstances, we vacate and remand for resentenc-ing.
Having timely moved for reconsideration under LSA-C.Cr.P. Art. 881.1, Wilson is entitled to appellate review of his sentence. LSA-C.Cr.P. Art. 881.2(A); State v. Brown, 628 So.2d 207 (La.App. 2d Cir.1993). Pursuant to the sentencing guidelines, his offense of conviction and lack of prior criminal history classify him into the 4G grid cell, recommending 18 to 36 months as a discretionary range of incarceration.[1] La.S.G. §§ 203(E)(3) and 401(A).
Of course, upward departures from the guidelines may be made when one or more aggravating circumstances significantly differentiate the particular situation from a “typical” case. La.S.G. § 209(A)(3); State v. Strother, 606 So.2d 891 (La.App. 2d Cir. 1992), writ denied, 612 So.2d 55 (La.1993). Citing La.S.G. § 209(B)(19), the trial court *583 asserted two supposed aggravating factors: (1) there is a serious drug problem in Ray-ville, therefore, substantial and consistent sentences should be imposed for this crime; and (2) Wilson received a significant benefit from the plea bargain.
The impact drugs have on a particular community does not constitute a valid aggravating circumstance under the guidelines. See State v. Lowery, 609 So.2d 1125 (La.App. 2d Cir.1992), writ denied, 617 So.2d 905 (La.1993). Nor can the benefit Wilson received from this plea bargain so qualify. La.S.G. § 209(B)(19) allows the trial court to consider “[a]ny other relevant aggravating circumstances which distinguish the case from the typical case of the offense of conviction.” However, the simple fact that the state agreed to dismiss one charge |¾⅛ exchange for a plea to another offense does not cause the perpetration of that crime, to which defendant pled, to be atypical or more heinous.
In a concurrence to the writ denial in State v. Bennett, 623 So.2d 74 (La.App. 1st Cir. 1993), writ denied, 634 So.2d 404 (La.1994), Justice Calogero observed that the reduction in the charge (from second degree murder to manslaughter) could constitute an omnibus aggravating factor. There, the factual basis set forth with the plea established that the victim had been killed during a drug transaction. In the case sub judice, however, the record fails to disclose any facts arising from the dismissed charge which would demonstrate the offense of conviction, conspiracy to possess cocaine with the intent to distribute, to be different from the norm. Thus, the lower court incorrectly departed from the guidelines on the grounds stated.
Accordingly, we affirm Wilson’s conviction, vacate the imposed term of incarceration, and remand for resentencing after proper consideration of the guidelines.
REMANDED FOR RESENTENCING.
BROWN, J., dissents with written reasons.

. We note that the trial judge incorrectly determined the grid cell to be 3G. Although La. S.G. § 401(A) lists possession of cocaine with intent to distribute at crime seriousness Level 3, conspiracy is ranked one level below the contemplated offense. La. S.G. § 203(E)(3). Thus, in the instant case, 4G is the proper classification.