658 So.2d 722 (1995)
STATE of Louisiana, Appellee,
v.
Ronnie JACKSON, Appellant.
No. 27056-KA.
Court of Appeal of Louisiana, Second Circuit.
June 21, 1995.
Indigent Defender Office by Steven R. Thomas, Mansfield, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Don Burkett, Dist. Atty., Charles B. Adams, Asst. Dist. Atty., Mansfield, for appellee.
*723 Before HIGHTOWER, STEWART, JJ., and EDWARDS, J. Pro Tem.
HIGHTOWER, Judge.
Ronnie Jackson, a 37-year-old male who pled guilty to the reduced charge of sexual battery, LSA-R.S. 14:43.1, now appeals his ten-year hard labor sentence as constitutionally excessive and violative of the Louisiana Sentencing Guidelines. We affirm.

Facts
On June 6, 1993, an eight-year-old female went to the DeSoto Parish residence of her grandmother, Jackson's girlfriend. After departing, the young girl reported that defendant, also a resident of the home, lifted her onto a cabinet during her visit and inserted his finger in her vagina. Through questioning later that day, the child additionally informed a doctor and nurse at the DeSoto General Hospital that Jackson had positioned her on the floor and engaged in sexual intercourse with her.
Arrested a few hours later, defendant initially contended that the offensive touching occurred by accident. The next day, however, he stated that he only inserted his finger into the child's genital area, despite further admissions by him about placing the young girl on the floor, lying on top of her, and rubbing his penis against her vagina.
Following his indictment by a DeSoto Parish grand jury for aggravated rape, LSA-R.S. 14:42, Jackson pled guilty to sexual battery, a substantially reduced charge negotiated with the district attorney's office. Subsequently, after considering the Louisiana Felony Sentencing Guidelines and the presentencing investigation report (PSI), the trial judge determined that defendant fell within grid cell 4-F. Upon concluding that the correspondingly recommended punishment would be inappropriate in the present case, the district court departed from the advisory range by assessing the maximum term of incarceration, ten years at hard labor. After the denial of a motion to reconsider, this appeal ensued.

Discussion
Defendant contends that the lower court erred in both imposing a constitutionally excessive sentence and in not adequately stating the reasons for departure from the Louisiana Felony Sentencing Guidelines recommendation. Having timely filed a motion for reconsideration under LSA-C.Cr.P. Art. 881.1, he is entitled to appellate review of the sentence imposed. LSA-C.Cr.P. Art. 881.2(A); State v. Wilson, 626 So.2d 824 (La. App. 2d Cir.1993); State v. Tracey, 612 So.2d 984 (La.App. 2d Cir.1993).
While a trial court must consider the guidelines, it has complete discretion to reject those standards and impose any sentence that is not constitutionally excessive, but which is within the statutory sentencing range for the crime of conviction. State v. Smith, 93-0402 (La. 07/05/94), 639 So.2d 237. The judge need only state the considerations taken into account and the factual basis for the sentence imposed. LSA-C.Cr.P. Art. 894.1; State v. Smith, supra. When these requirements are complied with, our review is limited to constitutional excessiveness. State v. Smith, supra.
The present record reflects that the trial judge carefully and fully articulated the factual basis for the sentence. In finding the guidelines recommendation inappropriate and deciding to deviate upward, the district court noted 1) Jackson's total disregard for the devastating impact the incident would have on the young victim, 2) the fact that the child's tender age made her particularly vulnerable and incapable of resisting, 3) the offender's use of his status with the girl to facilitate the commission of the crime, 4) the possible psychological damage that had resulted,[1] and 5) defendant's lack of remorse. The judge also noted the substantial benefit gained through the plea bargain, in that defendant avoided a possible mandatory life sentence if convicted of aggravated rape. See LSA-R.S. 14:42(C).
*724 Appellant's challenge of this latter factor notwithstanding, we find the substantial advantage obtained by means of the plea bargain to be a legitimate consideration in the present case. See State v. Smack, 425 So.2d 737 (La.1983); State v. Chriceol, 26,449 (La.App. 2d Cir. 10/28/94), 645 So.2d 286; cf. State v. Wilson, 26,100 (La.App. 2d Cir. 05/04/94), 637 So.2d 582. Even though Jackson denied engaging in the act required to complete the rape, the victim indicated otherwise and the grand jury obviously found contrary evidence necessitating an indictment on the greater offense. Thus, the offender achieved an actual reduction of the charge from aggravated rape to sexual battery. Cf. Chief Justice Calogero's concurrence in the writ denial in State v. Bennett, 93-2128 (La. 01/11/94), 634 So.2d 404.
Having found that the trial court articulated an adequate factual basis for the sentence imposed, we limit our further review to the question of constitutional excessiveness. See State v. Smith, supra. For a discussion of the parameters applied in that determination, see LSA-Const. Art. 1, § 20; State v. Lobato, 603 So.2d 739 (La.1992); State v. Barberousse, 480 So.2d 273 (La.1985); State v. Square, 433 So.2d 104 (La.1983); State v. Bonanno, 384 So.2d 355 (La.1980).
Considering the substantial benefit received through plea bargaining and the acutely deleterious consequences of the offender's conduct, we conclude that Jackson's ten-year hard labor term of incarceration is not excessive. In this instance, imposition of the maximum sentence neither shocks the sense of justice nor constitutes an abuse of the trial court's great discretion in such matters. See State v. Lanclos, 419 So.2d 475 (La.1982); State v. Allen, 26,547 (La.App. 2d Cir. 12/07/94), 647 So.2d 428; State v. Franklin, 552 So.2d 1307 (La.App. 5th Cir.1989).

Conclusion
For the foregoing reasons, the conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] During the interview for the PSI, the victim's mother indicated that her daughter has experienced problems sleeping, is afraid defendant will come back to hurt her, and will not talk about the incident. At the time of sentencing, an appointment had been made to institute counseling for the young girl.