|, DREW, J.
Defendant Richard Flaherty was charged with carnal knowledge of a juvenile, a violation of La. R.S. 14:80 punishable by imprisonment, with or without hard labor, for not more than ten years. The state agreed to accept Flaherty’s guilty plea to a reduced charge of contributing to the delinquency of a juvenile, a violation of La. R.S. 14:92(A)(7) punishable by a fine of not more than $1000, imprisonment with or without hard labor for not more than two years, or both. The district court sentenced Flaherty to serve two years at hard labor without good time and denied a timely motion for reconsideration of sentence. Flaherty argues his sentence is excessive. We affirm.
DISCUSSION
The matters of record show that in February 2000, Flaherty, age 20 at the time, engaged in “consensual” sexual intercourse in his Bossier City home with a 13-year-old girl whom he was dating. On appeal, *311 Flaherty urges that the district court failed to give sufficient consideration to the mitigating circumstance that he only engaged in sexual activity with the juvenile on one occasion.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. The record indicates the court was aware of the claim that there' was only one sexual encounter.
12When, as here, a defendant’s motion for reconsideration urges merely that the sentence is excessive, he is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993). Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
A substantial advantage obtained by means of a plea bargain — e.g., a reduction of the charge where the evidence shows the offender is guilty of the more serious offense originally charged — is a legitimate consideration in sentencing. State v. Smack, 425 So.2d 737 (La.1983); State v. Jackson, 27,056 (La.App.2d Cir.6/21/95), 658 So.2d 722.
Prior to imposing sentence the district court reviewed a PSI report and considered the facts of the case. The court noted that Flaherty received a significant reduction of the charge through his plea bargain. The court discussed the facts of the case and noted that the victim has emotional problems, due in part to Flaherty’s behavior. He had one prior misdemeanor conviction for contributing to the delinquency of a juvenile, and was not recommended for probation. The court found there was no mitigation or justification for Flaherty’s activities and stated its opinion that a lesser sentence would deprecate the seriousness of the offense.
On this record, we do not find sentencing error. Flaherty, 20 years old at the time of the instant offense and a high school graduate, voluntarily engaged in sexual intercourse with a child seven years younger than himself. Flaherty uses a wheelchair due to a bone disease, but he is not | sparalyzed. The young girl’s parents believed Flaherty exploited his disabled condition to take advantage of their daughter’s sympathy. Flaherty obtained a significant reduction in sentencing exposure when the state agreed to reduce the charge. The offense of conviction does not adequately describe his criminal conduct.
The sentence imposed is lawful. Under the circumstances, it is neither grossly disproportionate to the severity of the offense committed nor is it shocking to the sense of justice. There is no showing that the trial court abused its discretion in imposing this sentence which is not constitutionally excessive. The assigned error lacks merit.
We have examined the record for error patent and found none.
DECREE
The conviction and sentence are AFFIRMED.