JjBROWN, J.,
The state charged defendant, Justin Lester Reames, with forcible rape, a violation of La.R.S. 14:42.1, punishable by imprisonment at hard labor for not less than five years nor more than 40 years, at least two years of which must be served without benefit. However, the state agreed to accept defendant’s guilty plea to a reduced charge of sexual battery, a violation of La.R.S. 14:43.1(A)(2), punishable by imprisonment with or without hard labor for not more than ten years without benefit. The district court sentenced defendant to two and one-half years at hard labor without benefit and denied a timely motion for reconsideration of sentence. Defendant contends that his sentence is excessive. Finding no error, however, we affirm.

Discussion

The matters of record show that on March 18, 2000, defendant, age 18, spent the night on the couch in the 13-year-old victim’s Keithville residence with the permission of the victim’s mother and her mother’s flaneé. When the adults left in the morning, defendant and the barely-teenaged victim began kissing. Defendant held the 13-year-old girl on the couch and engaged in sexual intercourse with her in spite of her screaming and telling him to stop. The mother returned, was told what had happened and ordered defendant out of the house. A physical examination of the victim, who had been a virgin, confirmed that a rape had occurred. Defendant claimed that the victim initiated the encounter, but physical evidence at the scene negated his claim.
| ¡¡On appeal, defendant urges that the trial court should have given him a probationary sentence and that it failed to give sufficient consideration to the mitigating circumstances that defendant was 18 at the time of the offense and a first felony offender.
First, we note that defendant’s claim that the sentence should have been suspended is totally without merit. Defendant pled guilty to an offense that specifically prohibits the imposition of a suspended or probationary sentence.
*345 Furthermore, there is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.03/01/00), 754 So.2d 392, writ denied, 00-1467 (La.02/02/01), 783 So.2d 385; State v. Callahan, 29,351 (La.App.2d Cir.02/26/97), 690 So.2d 864, writ denied, 97-0705 (La.09/26/97), 701 So.2d 979. The record indicates that the court was aware of defendant’s age and lack of a prior criminal record.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864.
A substantial advantage obtained by means of a plea bargain — e.g., a reduction of the charge where the evidence shows that the offender is guilty of the more serious offense originally charged— is a legitimate consideration in sentencing. State v. Jackson, 27,056 (La.App.2d Cir.06/21/95), 658 So.2d 722.
Prior to imposing sentence, the trial court conducted a hearing at which the facts of the case were discussed and testimony was adduced concerning defendant’s background. Although the court’s articulation of reasons for sentence was minimal, the record is sufficient to support the imposition of the two and one-half year hard labor sentence.
Defendant, who was 18 years old at the time of the instant offense, had a ninth grade education. He engaged in sexual intercourse with a child five years younger than himself and forcibly overcame her resistance. Defendant obtained a significant reduction in sentencing exposure when the state agreed to reduce the charge. The offense of conviction does not adequately describe defendant’s criminal conduct. Furthermore, the sentence imposed is in the lower quarter of the range available to the court.
The sentence imposed is lawful and under the circumstances, it is neither grossly disproportionate to the severity of the offense committed nor is it shocking to the sense of justice. Defendant has not shown that the trial court abused its discretion in imposing this sentence, which is not constitutionally excessive.

\ ¿Conclusion

We have examined the record for errors patent and have found none.
For the reasons set forth above, defendant’s conviction and sentence are affirmed.
AFFIRMED.