806 So.2d 929 (2002)
STATE of Louisiana, Appellee,
v.
Shandon D. DAVIS, Appellant.
No. 35,480-KA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 2002.
*931 Louisiana Appellate Project by J. Wilson Rambo, Monroe, Counsel for Appellant.
Richard Ieyoub, Attorney General, Don M. Burkett, District Attorney, Richard Z. Johnson, Jr., Assistant District Attorney, Counsel for Appellee.
Before GASKINS, CARAWAY and KOSTELKA, JJ.
KOSTELKA, J.
After originally charging Shandon Davis ("Davis") with armed robbery, the state agreed to accept his guilty plea to a reduced charge of first degree robbery. La. R.S. 14:64.1. The district court sentenced him to twenty years at hard labor without benefit of parole, probation or suspension of sentence and denied a timely motion for reconsideration of sentence. Davis appeals his sentence. We affirm.

FACTS
On July 18, 2000, seventeen-year-old Davis, armed with a knife and wearing a mask, and two young companions entered the home of the victim from which she operated a store in DeSoto Parish, Louisiana. The victim was held down and at knife point while the robbers purloined over $200 and some cigarettes. After investigation, the codefendants were identified, implicated Davis and surrendered physical evidence linked to him.[1]
On appeal, Davis specifically urges error in the trial court's disparate treatment of his codefendants in sentencing and alleged failure to consider the mitigating circumstances of his young age and first felony offender status in accordance with La. C.Cr.P. art. 894.1. Davis also contends that because he caused no serious bodily harm and that there was no great monetary loss to the victim, the twenty-year sentence imposed by the trial court is constitutionally excessive.
Of course, the test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.06/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
*932 Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly disproportionate to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864.
A substantial advantage obtained by means of a plea bargaine.g., a reduction of the charge where the evidence shows the offender is guilty of the more serious offense originally chargedis a legitimate consideration in sentencing. State v. Smack, 425 So.2d 737 (La.1983); State v. Jackson, 27,056 (La.App.2d Cir.06/21/95), 658 So.2d 722.
Prior to imposing sentence, the district court reviewed a presentence investigation report which contained Davis's personal and criminal history as well as the facts of the case. The court expressed its belief that the plea bargain was generous and noted in mitigation Davis's first felony offender status and lack of a juvenile record. The court classified the offense as very antisocial behavior that exhibited a total disregard for the property and safety of others. In aggravation, the court found that Davis knew the victim was particularly vulnerable to a home invasion due to her age and had caused her the loss of security in her home. The court concluded by noting the serious nature of the offense.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.03/01/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.02/02/01), 783 So.2d 385. Nevertheless, as noted above, the record clearly indicates that the court was aware of and obviously considered Davis's age and lack of a prior criminal record. We, therefore, find Davis's contrary arguments meritless and otherwise find adequate compliance with La. C.Cr.P. art. 894.1.
We likewise reject Davis's claim regarding the disparate sentences given to his codefendants. There is no requirement that codefendants be treated equally by the sentencing judge. State v. Rogers, 405 So.2d 829 (La.1981); State v. Taylor, 485 So.2d 117 (La.App. 2d Cir.1986). The disparity of sentences between codefendants is only a factor to be considered along with all other appropriate considerations in evaluating a contention that a sentence is excessive when there is no reasonable basis in the record for the disparity. State v. Quimby, 419 So.2d 951 (La.1982).
Here, Davis pled guilty to a higher grade of offense than his codefendants whose pleas contained no admission of the use of a dangerous weapon and subjected them to a maximum sentence of only seven years with or without hard labor. La. R.S. 14:65. Contrarily, Davis admitted to at the very least leading the victim to reasonably believe he was armed with a dangerous weapon. La. R.S. 14:64.1. By doing so, he not only arguably admitted to being the primary actor in the crime but voluntarily subjected himself to a possible sentencing exposure of forty years at hard labor without benefits. In these circumstances, the sentencing disparity is clearly justified.
*933 Nor do we find the sentence constitutionally excessive. Originally facing a possible ninety-nine-year sentence for armed robbery, Davis obviously obtained a significant reduction in sentencing exposure when the state agreed to accept his guilty plea to first degree robbery. Therefore, the offense of conviction does not adequately describe Davis's criminal conduct. As noted by the trial court, this defendant's actions not only exhibited a total disregard for the property and safety of others but caused serious emotional distress to an elderly victim. When compared with the harm done to society, we cannot find this mid-range sentence to be grossly disproportionate nor shocking to the sense of justice. Therefore, the sentence imposed is not constitutionally excessive.
The conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Davis's codefendants entered guilty pleas to simple robbery and both were sentenced to seven years at hard labor.