NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-996

STATE OF LOUISIANA

VERSUS

CHRISTOPHER S. GOODWILL

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 5316-08
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

DAVID E. CHATELAIN[*]
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of James T. Genovese, Shannon J. Gremillion, and David E. Chatelain, Judges.

AFFIRMED.

**James E. Beal**
**Louisiana Appellate Project**
**Post Office Box 307**
**Jonesboro, Louisiana 71251-0307**
**(318) 259-2391**
**Counsel for Defendant/Appellant:**
    **Christopher S. Goodwill**

---

[*]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**John F. DeRosier**
**District Attorney**
**Carla S. Sigler**
**Assistant District Attorney**
**Post Office Box 3206**
**Lake Charles, Louisiana  70602-3206**
**(337) 437-3400**
**Counsel for:**
      **State of Louisiana**

**CHATELAIN, Judge Pro Tempore.**

This criminal case involves a bare claim of excessiveness of sentence. We affirm.

**FACTS**

The State set forth the following facts at the time of the defendant's guilty plea. On December 27, 2007, the defendant, Christopher S. Goodwill, robbed a clerk at a Circle K Store in Sulphur, Louisiana, while armed with a knife. Approximately $60 was taken during the robbery. The defendant later gave a videotaped confession, admitting that he had robbed the store.

On February 15, 2008, the defendant was charged by bill of information with armed robbery, a violation of La.R.S. 14:64. The defendant pled guilty to the charge on October 20, 2008, and pursuant to the plea agreement, charges for possession of cocaine, obstruction of justice, and possession of drug paraphernalia in an unrelated docket, 5894-07, were nolle prossed. On February 18, 2009, the trial court sentenced the defendant to eighteen years at hard labor, without benefit of parole, probation, or suspension of sentence. The defendant then filed a motion to reconsider sentence on March 6, 2009, which was denied without a hearing.

**DISCUSSION**

In his sole assignment of error, the defendant argues that the trial court did not give sufficient consideration to the mitigating factors in the case, resulting in an excessive sentence. However, we note that the defendant did not raise this particularized issue in his motion to reconsider sentence, maintaining only that his sentence was unconstitutionally excessive. The defendant's failure to include a specific ground upon which a motion to reconsider sentence may be based precludes

1

him from "raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." La.Code Crim.P. art. 881.1(E). Accordingly, the defendant is limited to a bare claim of excessiveness in his appeal.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1[, 3] (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784[, p. 2] (La.5/31/96), 674 So.2d 957, 958.

2

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

In the present case, the defendant pled guilty to armed robbery. The penalty for armed robbery is ten to ninety-nine years, without benefit of parole, probation, or suspension of sentence. La.R.S. 14:64. Thus, the defendant's eighteen-year sentence is significantly less than the maximum possible sentence and is on the low end of the sentencing range. Additionally, we observe that the defendant received an appreciable benefit from his plea agreement which resulted in the dismissal of charges for possession of cocaine, obstruction of justice, and possession of drug paraphernalia. As such, the defendant's sentencing exposure was greatly reduced.

At sentencing, the trial court noted that the defendant was a first-felony offender but that he had been arrested on several occasions, some of which were dismissed pursuant to the plea agreement. The trial court heard the testimony of the defendant's uncle and mother. The defendant's uncle asked for leniency because the defendant's mother was ill. He stated that the defendant was a hard worker with two children and three stepchildren and that the defendant was a special education student who was "kind of slow." The defendant's mother also asked for leniency, stating that the defendant was a follower and that he had followed the wrong crowd, one that was dealing with drugs. She testified that the defendant was on drugs at the time of the offense. The trial court agreed that the defendant had a drug problem.

The trial court then reviewed for the record the defendant's prior drug-related charges since 2003, including possession with intent to distribute and manufacture marijuana, possession of cocaine, and possession of marijuana. The trial court noted that the defendant did not take a lot of money during the present offense. However,

3

the trial court also found that the defendant used it to buy drugs. The defendant informed the trial court that he did not have a juvenile record as indicated in his Presentence Investigation Report.

The trial court then concluded:

> You remind me of people that I have represented before under similar kinds of circumstances and wondering what would be an appropriate sentence for a first-time offender. You are not actually a first-time offender because you have had some drug problems; but they got dismissed in return for your plea for this, for this charge.

In *State v. Davis*, 35,480 (La.App. 2 Cir. 1/23/02), 806 So.2d 929, the second circuit affirmed a twenty-year sentence imposed on a seventeen-year-old, first-felony offender, who pled guilty to a charge of first degree robbery. He had initially been charged with armed robbery. In that case, the defendant donned a mask and, along with two young companions, entered the elderly victim's home from which she operated a store. The victim was held down at knife point and robbed of over $200 and some cigarettes.

In *State v. Lewis*, 08-1308 (La.App. 3 Cir. 4/1/09), 16 So.3d 1, the defendant was sentenced to thirty years for the armed robbery of a video store. As reflected in the factual recitation in that case, the defendant robbed the store clerk at knife point and took the clerk's cell phone. In affirming the sentence, this court noted the defendant's prior juvenile record and extensive history of misdemeanor convictions. The defendant had dropped out of school in the tenth grade at the age of eighteen and had begun using marijuana. We further noted that, as a result of defendant's plea agreement, the State dismissed a charge of second degree kidnapping, thereby reducing his sentencing exposure.

4

After reviewing the record and considering the nature of the offense, the circumstances surrounding this offender, and a comparison of the sentences in similar cases, we conclude that the trial court individualized the sentence to this defendant. Although the defendant is a youthful, first-felony offender, his eighteen-year sentence for armed robbery is in the low range and is comparable to sentences imposed for similar crimes by similar offenders. Moreover, as noted above, the defendant received a significant benefit from his plea agreement. Therefore, we affirm the defendant's sentence.

**DECREE**

The defendant's sentence is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.