h DREW, J.
Initially charged with armed robbery, a violation of La. R.S. 14:64 punishable by imprisonment for not less than 10 years nor more than 99 years, without benefits, Justin DeWayne Adkinson later pled guilty[1] pursuant to a plea agreement. The state reduced the charge to simple robbery, a violation of La. R.S. 14:65 punishable by imprisonment for not more than 7 years with or without hard labor and/or a three thousand dollar fine. The district court sentenced this defendant to serve 7 years at hard labor (no fine) and denied a timely motion for reconsideration of sentence. On appeal, Adkinson asserted his sentence was excessive. However, he conceded that the trial court adequately con *1089 sidered the guidelines of La. C.Cr.P. art. 894.1. The sentence is affirmed.
CHRONOLOGY OF EVENTS REFLECTED BY THE RECORD
Event Date As Per
Birth of defendant 7/16/83 7/16/83 7/27/82 7/27/82 Bill of Information Defendant’s Brief Pre Sentence Report Notice of Custody
Offense 7/18/00 Bill of Information
Arrest 7/19/00 Pre Sentence Report
Guilty Plea to reduced charge 1/8/01 Transcript
Arrest on subsequent felonies 4/7/01 Pre Sentence Report
Sentencing 6/3/01 Transcript
Using either birth date, the defendant was 17 years old on July 18, 2000, when he along with two 17 year-old companions, entered a home/store operated by the elderly victim, Mrs. D.L. Patterson. One perpetrator armed with a knife forced the victim to lie on the floor and | ¡¡threatened to kill her. Adkinson and the third robber took in excess of $200 in cash plus some cigarettes from the victim. During the investigation, defendant Adkin-son was identified and taken into custody. The defendant implicated his co-defendants and surrendered physical evidence of this egregious act. On appeal, defendant Adkinson urged that the district court did not give sufficient emphasis to the mitigating factors of his tender age at the time of the offense, nor that he was merely a first felony offender at sentencing.[2]
Prior to imposing sentence, the district court reviewed a PSI report and considered the facts of the case. The court expressed its belief that the plea bargain was generous. In mitigation the court noted that defendant was at sentencing a first felony offender with no juvenile record. On the other hand, the court sagely noted that while out on bond pending the rendition of the pre-sentence investigation report, defendant had been charged[3] with the felonies of possession of a firearm by a convicted felon and of selling the weapon to a minor. On the same date he was charged with the misdemeanor offense of tattooing a minor.
The court found the commission of the instant offense exhibited very anti-social behavior, revealing a total disregard for the property and safety of others. The court found, in aggravation, that defendant knew the victim was particularly vulnerable due to her age and he had caused a serious emotional loss to the victim. The court concluded by stating that 13this was a serious offense, and by noting that defendant received a substantial reduction in his sentencing exposure through his plea bargain.
*1090 A substantial advantage obtained by means of a plea bargain — e.g., a reduction of the charge where the evidence shows the offender is guilty of the more serious offense originally charged — is a legitimate consideration in sentencing. State v. Smack, 425 So.2d 737 (La.1983); State v. Jackson, 27,056 (La.App.2d Cir.6/21/95), 658 So.2d 722. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, 2000-1467 (La.2/2/01), 783 So.2d 385; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979.
As discussed above, the record indicates the court was aware of defendant’s age and lack of a prior criminal record. Defendant, 17 years old at the time of the instant offense, obtained a significant reduction in sentencing exposure when the state agreed to reduce the charge. In truth and fact, he was a principal to an armed robbery for which he could have been sentenced to as much as 99 years at hard labor without benefits. Thus, the offense of conviction does not adequately describe defendant’s criminal conduct. The sentence imposed is lawful and, under the circumstances, it is neither grossly disproportionate to the severity of the offense committed nor is it shocking to the sense of justice. There is no showing whatsoever that the trial court abused its discretion in imposing this sentence. The sentence is not constitutionally excessive. The assigned error is without merit.
DECREE
The conviction and sentence are AFFIRMED.

. At the guilty plea on January 8, 2001, less than six months after the robbery, the defendant admitted his age then to be eighteen.

. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App. 2d Cir.6/24/98), 715 So.2d 641. As noted hereinbefore, defendant concedes the trial judge adequately considered the guidelines of article 894.1.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.

. On April 7, 2001.