811 So.2d 176 (2002)
STATE of Louisiana, Appellee,
v.
Robert Charles ROSS, Jr., Appellant.
No. 35,552-KA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 2002.
*177 Murphy James White, Mansfield, Counsel for Appellant.
Richard Ieyoub, Attorney General, Don M. Burkett, District Attorney, Helene Melissa Carby Sugar, Assistant District Attorney, Counsel for Appellee.
Before NORRIS, KOSTELKA and DREW, JJ.
DREW, Judge.
Initially charged with armed robbery, a violation of La. R.S. 14:64 punishable by imprisonment for up to 99 years at hard labor, without benefits, Robert Charles Ross, Jr., subsequently pled guilty to a reduced charge of simple robbery, a violation of La. R.S. 14:65 punishable by imprisonment for up to seven years with or without hard labor. The district court sentenced Ross to serve the maximum seven years at hard labor and denied a timely motion for reconsideration of sentence. On appeal defendant contended his sentence *178 was excessive and urged he should have been granted probation. We affirm.

 CHRONOLOGY OF EVENTS REFLECTED BY THE RECORD
Event Date As Per
Birth of defendant 7/02/83 Bill of Information
 7/02/83 Pre Sentence Report
 7/02/83 Notice of Custody
Offense 7/18/00 Bill of Information and Statement to
 P.O. for PSI
Arrest 7/19/00 Pre Sentence Report
Guilty Plea to reduced charge 1/8/01 Transcript/PSI
Sentencing 5/3/01 Transcript/Order in record
Admitted age as of date of Offense *17* Statement of counsel at Guilty Plea, Record, p. 36
 *17* Motion for Reconsideration, Record, p. 45

This defendant was 17 years and sixteen days old on July 18, 2000, when he and two 17 year-old companions[1] (Adkinson, being 17 years and 2 days old; and Davis, being 17 years, nine months and eight days old), without authorization entered a home/store operated by the elderly victim, Mrs. D.L. Patterson. Davis, armed with a knife, forced the victim to lie on the floor while Ross and Adkinson helped gain access and kept a lookout. All three entered the premises. Davis threatened to kill the victim, while Ross and Adkinson took $500 in cash plus some cigarettes. After an investigation, one of the three perpetrators was identified. He implicated his co-defendants and surrendered physical evidence. The two younger robbers, Adkinson and Ross, who allegedly never touched the dangerous weapon nor the victim, were both allowed to plead guilty to simple robbery and each received a maximum 7-year sentence. The oldest of the three, Davis, who handled the weapon, was allowed to plead guilty to first degree robbery and received a maximum sentence of 20 years at hard labor without benefits. This court has already affirmed the sentences of Adkinson and Davis. (See footnote 1.)
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial judge took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Our review of the record reveals the trial judge adequately considered the guidelines of art. 894.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. *179 Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A substantial advantage obtained by means of a plea bargaine.g., a reduction of the charge where the evidence shows the offender is guilty of the more serious offense originally chargedis a legitimate consideration in sentencing. State v. Smack, 425 So.2d 737 (La.1983); State v. Jackson, 27,056 (La.App.2d Cir.6/21/95), 658 So.2d 722.
Prior to imposing sentence, the district court reviewed a PSI report and considered the facts of the case. The court opined that the plea bargain was generous. In mitigation the court noted that defendant was a first felony offender with no juvenile record. The court noted the instant offense was very anti-social behavior, exhibiting a total disregard for the property and safety of others. The court found, in aggravation, that defendant knew the victim was particularly vulnerable due to her age and that he had caused serious emotional injury to the victim. The court concluded by stating that this was a serious offense, and by noting that defendant received a substantial reduction in his sentencing exposure through his plea bargain.
In fact, Ross was at least a principal to an armed robbery for which he could have been sentenced to as much as 99 years at hard labor without benefits. The offense of conviction does not adequately describe defendant's criminal conduct. The sentence imposed here of 7 years at hard labor is lawful and, under the circumstances, neither grossly disproportionate to the severity of the offense committed nor shocking to the sense of justice. The trial court did not abuse its discretion in imposing this sentence which is not constitutionally excessive.
Appellate defense counsel urged that defendant should have been given a probationary sentence. The court shall not suspend the sentence of a conviction for a crime of violence as defined in La. R.S. 14:2(13)(y) which includes simple robbery. La. C. Cr. P. art. 893. Therefore, the court could not legally suspend execution of sentence by granting probation.
The conviction and sentence are AFFIRMED.
NOTES
[1] See State v. Adkinson, 35481 (La.App.2d Cir.12/19/2001), 803 So.2d 1087, and State v. Davis, 35480 (La.App.2d Cir.1/23/2002), 806 So.2d 929.