|, GASKINS, J.
The defendant, Dennis Ford, appeals as excessive his sentence to 15 years at hard labor for conspiracy to commit aggravated burglary. For the following reasons, we affirm the conviction and sentence. Additionally, we correct an error in the written judgment.
FACTS
On January 4, 2004, Travis Holley reported that his home had been burglarized. Several items were stolen, including guns, a refrigerator full of meat and assorted food, an expensive banjo, $300 in change and a large-screen television. Following a tip to law enforcement officers, the defendant was arrested along with James Jones and Henry Wilson. Jones gave a statement that it was the defendant’s idea to break into the house because he had worked for the victim and knew where a key to the main house was located. Wilson also made a statement that while he was acting as a lookout, the defendant and Jones used a key to burglarize the house.
The defendant was charged with aggravated burglary and conspiracy to commit aggravated burglary. The defendant entered into an agreement with the prosecution whereby he pled guilty to conspiracy to commit aggravated burglary. The plea was entered in accordance with North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In exchange for the plea, the state dismissed the charge of aggravated burglary and agreed not to charge the defendant as a habitual offender. The court ordered the defendant to serve 15 years at hard labor, with credit for time served. Following the filing of a motion for reconsideration of the sentence, the defendant appealed, claiming that the sentence is excessive.
*927 1 ¡.DISCUSSION
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show adequate consideration of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Burford, 39,610 (La.App. 2d Cir.5/11/05), 902 So.2d 1190. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, employment record), prior criminal record, seriousness of the offense and likelihood of rehabilitation. State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1 § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864. A substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. State v. Ross, 35,552 (La.App. 2d Cir.2/27/02), 811 So.2d 176.
The defendant in this matter received the maximum period of incarceration that may be imposed for conspiracy to commit aggravated burglary, 15 years at hard labor. La. R.S. 14:26; 14:60. In sentencing the defendant, the court complied with La. C. Cr. P. art. 894.1 in articulating the factors considered in imposing sentence. The court noted that the defendant was raised by his mother and has nine siblings and four children. The defendant was a second felony offender, having previously been convicted of simple burglary. The defendant also had misdemeanor convictions for driving under suspension, simple battery, no driver’s license, disturbing the peace, a violation of the domestic abuse assistance law, criminal damage to property, criminal neglect of family and illegal possession of stolen things, DWI first offense, two counts of DWI second offense, and several counts of failure to appear. The defendant has been arrested numerous times for various other offenses which have not resulted in convictions.
According to the court, the defendant contemplated that his criminal conduct either caused or threatened serious harm. The court noted that the offense was committed without provocation or justification. The court stated that there was a substantial impact on the victim and no way to compensate for the victim’s financial and emotional losses. Additionally, the court noted that because of the defendant’s lengthy criminal history, there was an undue risk that he would commit another crime. According to |4the court, it was unlikely that the defendant would respond to probationary treatment. The court found that no undue hardship would be caused by the defendant’s imprisonment. The court also determined that any lesser sentence would deprecate the seriousness of the defendant’s crime. The court did not find any mitigating factors and noted *928 that the defendant showed no remorse. The court noted that the defendant received substantial leniency based on the plea bargain.
The court imposed a sentence of 15 years at hard labor, with credit for time served. The trial court adequately articulated its reasons for the sentence imposed and did not abuse its discretion. Considering the totality of the record, this sentence is not constitutionally excessive. The defendant is a second felony offender, with a lengthy criminal record of misdemeanors. He received substantial benefits through his plea agreement whereby the state agreed not to bill him as a habitual offender and to dismiss the charge of aggravated burglary. We do not find that the sentence imposed is grossly disproportionate to the severity of the offense nor is it shocking to the sense of justice.
ERROR PATENT
Our review of the record reflects that the written judgment is in technical error. The minutes and sentencing transcript show that the trial court sentenced the defendant to 15 years at hard labor. However, the signed judgment reflects that “defendant be and is hereby sentenced to serve a term of imprisonment of two years at hard labor with credit for time served.” Any discrepancy between the judgment and the transcript should |fibe resolved in favor of the actual proceedings reflected in the transcript. State v. Reese, 34,275 (La.App. 2d Cir.12/20/00), 774 So.2d 1164. The written judgment is corrected accordingly.
CONCLUSION
The conviction of the defendant, Dennis Ford, of conspiracy to commit aggravated burglary, is affirmed. The written judgment of the district court is corrected to reflect that the defendant, Dennis Ford, shall serve 15 years at hard labor, with credit for time served. As corrected, the sentence is affirmed.
AFFIRMED.