914 So.2d 608 (2005)
STATE of Louisiana, Appellee
v.
Derrick D. DOUGLAS, Appellant.
No. 40,307-KA.
Court of Appeal of Louisiana, Second Circuit.
October 26, 2005.
*610 Louisiana Appellate Project, by Peggy J. Sullivan, Monroe, for Appellant.
Jerry L. Jones, District Attorney, Geary S. Aycock, Assistant District Attorney, for Appellee.
Before STEWART, CARAWAY and MOORE, JJ.
STEWART, J.
Derrick Douglas was charged with second degree murder. The state agreed to allow the defendant to plead guilty to manslaughter with a minimum sentence of 30 years at hard labor and no portion of the sentence to be suspended. The court imposed the maximum sentence of 40 years at hard labor without the benefit of parole, probation or suspension of sentence. Defendant appeals his sentence as excessive. For the reasons explained more fully below, we find that the sentence is not excessive; however, because we find that the trial court erred in its denial of parole, we amend his sentence accordingly.

FACTS
The record shows that on June 7, 2002, Michael Cain and Steven Weeks were buying cocaine from Douglas and William Carr. However, Cain and Weeks drove away without paying for the cocaine. Douglas and Carr chased the vehicle from downtown Sterling, and down U.S. Highway 165 to Keystone Road where Douglas fired upon the vehicle at least seven times, shooting Michael Cain in the head and killing him.
Douglas was charged with second degree murder, but was allowed to plead to manslaughter with an agreed minimum sentence of 30 years. The trial court sentenced Douglas to the maximum of 40 years without parole, probation, or suspension of sentence. This appeal ensued.

DISCUSSION

Excessive Sentence
In reviewing claims of excessive sentence, appellate review encompasses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864. A substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. State v. Ross, 35,552 (La.App. 2d Cir.2/27/02), 811 So.2d 176. However, there is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392, 394, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
Second, whether the sentence imposed is too severe depends on the circumstances *611 of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
Prior to imposing the sentence, the court discussed several factors, which were listed in the PSI report. The court noted that defendant was born in 1979. The court stated that Douglas had previously been convicted of manslaughter and was arrested for carrying a concealed weapon, but he was placed into the pre-trial diversion program. The defendant also had a significant history of misdemeanor and traffic offenses, such as disturbing the peace. Moreover, he had been charged several times for various other crimes, although most of the charges were ultimately dismissed. The court also stated that the defendant's conduct created harm to innocent people in the community. Lastly, the court found that Douglas had not shown any remorse for his conduct, and the court gave great weight to the impact statement of the victim's father.
As a result, the trial court imposed a sentence of 40 years at hard labor, without the benefit of parole, probation or suspension of sentence. Considering the totality of the record, we find that this sentence is not constitutionally excessive. Douglas is a second felony offender, who has an extensive history of criminal behavior. Additionally, he received substantial benefits when the state agreed to allow him to plead guilty to manslaughter with a minimum sentence of 30 years at hard labor and no portion of the sentence to be suspended. If convicted of second degree murder, Douglas would have received a mandatory life sentence. Thus, we do not find that the sentence imposed is grossly disproportionate to the severity of the offense, nor is it shocking to the sense of justice.

Error Patent
However, our error patent review discloses that the sentence is illegal in that it does not allow for probation. La. R.S. 14:31 provides that a person convicted of manslaughter shall be imprisoned at hard labor for not more than 40 years, but this provision does not contain a prohibition against parole, probation or suspension of sentence.
However, a sentencing court may deny or place conditions on eligibility for diminution of sentence for good behavior, pursuant to La. C. Cr. P. art. 890.1. Additionally, La. C. Cr. P. art. 893 provides that the court shall not suspend the sentence of a person convicted of a crime of violence, such as manslaughter. La. R.S. 14:2(13)(d); See State v. Lowery, 33,584 (La.App. 2d Cir.06/21/00), 765 So.2d 460. Accordingly, the trial court did not err in disallowing the defendant benefits of suspension of sentence and probation. However, the court erred in ordering the defendant's sentence be served without the benefit of parole. The defendant's sentence is amended to delete the prohibition against parole eligibility.

CONCLUSION
For the foregoing reasons, the conviction is affirmed, and the sentence is affirmed as amended.
AFFIRMED AS AMENDED.