954 So.2d 179 (2007)
STATE of Louisiana, Appellee,
v.
Charles REYNOLDS, Appellant.
No. 41,612-KA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 2007.
Rehearing Denied March 29, 2007.
*180 Louisiana Appellate Project by Annette Roach, for Appellant.
Don Burkett, District Attorney, Richard Z. Johnson, Jr., Assistant District Attorney, for Appellee.
Before GASKINS, CARAWAY & SEXTON (Pro Tempore), JJ.
SEXTON, J.
Defendant, Charles Reynolds, pled guilty to sexual battery and was sentenced to five years at hard labor without benefit of parole, probation or suspension of sentence. Defendant appeals, assigning as error the excessiveness of his sentence.
Additionally, he alleges that the court failed to consider certain exhibits introduced on his behalf at the sentencing hearing. For the reasons stated herein, Defendant's conviction and sentence are affirmed.

FACTS
In May 2005, Defendant was indicted on a charge of forcible rape, a violation of La. R.S. 14:42.1. In February 2006, Defendant pled guilty to sexual battery, a violation of La. R.S. 14:43.1.
At the sentencing hearing conducted in April 2006, several letters written on Defendant's behalf were introduced into evidence. The court noted that Defendant had entered a plea to sexual battery and that a pre-sentence investigation had been ordered. The court also noted that Defendant and the victim had some sort of prior relationship, and that, although Defendant was a first-felony offender, he had been charged with numerous misdemeanors in the past. Additionally, the court noted Defendant's social history, including the fact that his employer had stated that Defendant was a good employee. After stating that it had reviewed the sentencing guidelines, the court observed that Defendant was originally billed with forcible rape and then pled down to sexual battery. Finally, the court stated that it was aware there was a dispute between Defendant's version of the facts and the victim's version of the facts and that the court had noted the *181 aggravating and mitigating circumstances in the case. The court then gave Defendant an opportunity to speak, which he declined.
As stated, the court sentenced Defendant to five years at hard labor to be served without benefit of parole, probation or suspension of sentence, and informed Defendant that he had two years from the date the judgment became final in which to file for post-conviction relief. A motion to reconsider the sentence subsequently was filed and was based on the following: (1) Defendant's plea was entered under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), due to his alleged inability to locate a witness; (2) Defendant was a first-felony offender with a criminal history of only misdemeanor convictions; (3) Defendant was not guilty of an aggravated offense; and (4) any sentence imposed would have to be served without benefit of parole, probation, suspension of sentence or good time. After conducting a hearing on the motion for reconsideration, the court denied the motion and this appeal followed.

DISCUSSION
Defendant's single assignment of error on appeal is that his sentence was cruel, unusual and excessive; however, he also states in the assignment that the trial court failed to consider various exhibits introduced on his behalf at the sentencing hearing.
Initially, we note that Defendant's claims in his motion to reconsider did not include any argument that the trial court failed to consider exhibits presented at the sentencing hearing. When a defendant's motion for reconsideration urges merely that the sentence is excessive, he is relegated on appeal to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. Under the provisions of La. C. Cr. P. art. 881.1(A), failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the State or the defendant from raising any objection to the sentence or from urging any ground not raised in the motion on appeal or review. Defendant's claim that the trial court denied him a sentencing hearing by failing to consider exhibits presented at sentencing is not properly before this court for review, and our review is limited strictly to the claim of constitutional excessiveness.
Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. Livingston, 39,390 (La.App.2d Cir.4/6/05), 899 So.2d 733.
The test imposed by the reviewing court in determining the excessiveness of sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance as long as the record reflects that the court adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions; where the record clearly shows an inadequate factual basis for the sentence, remand is unnecessary even where there has not been full compliance. State v. Lobato, supra. There is no requirement that specific matters be given any particular weight at sentencing. State *182 v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385. In the instant case, given the facts and circumstances previously noted, we conclude that the trial court adequately complied with the provisions of Article 894.1. Thus, we now turn to the second prong of the test for excessiveness of sentence: whether the sentence is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. See State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1.
In this regard, Defendant asserts that a mid-range sentence at hard labor, without the benefit of good behavior, and where he has had no felony contact and "little other contact" with the criminal justice system, is harsh and excessive. We disagree. Although Defendant is a thirty-eight-year-old male with no prior felony convictions, and apparently had some sort of prior relationship with the victim, he received a significant benefit by virtue of his plea bargain, reducing his sentencing exposure from a maximum of forty years under La. R.S. 14:42.1 to a maximum of ten years under La. R.S. 14:43.1. He was sentenced to five years, half of the maximum for the lesser offense. A substantial advantage obtained by means of a plea bargain, such as a reduction of the charge where the evidence shows the offender is guilty of the more serious offense originally charged, is a legitimate consideration in sentencing. State v. Ross, 35,552 (La. App.2d Cir.2/27/02), 811 So.2d 176.
Defendant argues on appeal that the benefit gained by the reduction in sentencing exposure should have no bearing in this case because his conduct is sufficiently encompassed in the sexual battery statute and that the facts presented do not support a finding of the originally charged offense of forcible rape. We find no merit to this argument. Sexual battery is defined in pertinent part as the intentional touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender without consent of the victim. On the other hand, forcible rape is defined in pertinent part as a rape committed when vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed when the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape. In the case sub judice, Defendant admitted that the following account of his crime, as stated by the prosecutor, was correct:
Your honor, on April 18, 2005, Mr. Reynolds committed the crime of sexual battery by placing his penis inside the vagina area of the victim in this case. She had verbally told him that she did not want to have sex with him. She tried to push him off and he insisted on it. Prior to this a week earlier, he had taken some pictures of her in a compromising position.
As shown by the description of the crime as agreed to by Defendant, Defendant did more than merely touch the genitals of the victim; there was penetration after the victim had told Defendant she did not want to have sex with him and had tried to resist. Accordingly, we conclude that the benefit of the plea bargain should be included as an important consideration in assessing the alleged excessiveness of sentence, and we find no showing of abuse of the trial court's sentencing discretion.

CONCLUSION
For the foregoing reasons, we find the sentence imposed herein neither grossly disproportionate to the severity of the offense, *183 nor shocking to our sense of justice. There is no showing of an abuse of the trial court's discretion in the imposition of the sentence chosen for this defendant. Accordingly, the conviction and sentence of Defendant, Charles E. Reynolds, are affirmed.
AFFIRMED.
APPLICATION FOR REHEARING
Before GASKINS, CARAWAY, DREW, LOLLEY and SEXTON (Pro Tempore), JJ.
Rehearing denied.