DREW, J.
|-¡The defendant, Barbara Augusta Prud-homme, was charged by grand jury indictment with first degree murder, pled guilty to the responsive charge of manslaughter, and was sentenced to 20 years’ imprisonment at hard labor. She now appeals, assigning as error that her sentence is excessive and that the trial court failed to adequately comply with La. C. Cr. P. art. 894.1.
We affirm.
FACTS
Prudhomme and Floyd Powell entered the Winn Parish home of Floyd Weems, without authorization and with the intent to steal. Prudhomme knew that Powell was armed before entering. Powell viciously beat Mr. Weems and left him for dead. The 75-year-old victim died of these injuries less than a month later.
The victim’s daughter was allowed to make a statement at the sentencing hearing. She asked that the defendant be given the maximum sentence because of the particularly brutal beating her father received, noting that her father’s ill health would have allowed them to simply push her father down. Instead, he was brutally beaten while the two intruders callously ransacked his house. Prudhomme shared in the proceeds of the crime.
Defendant’s attorney noted that:
• the trial court had reviewed the presen-tence investigation report and was therefore familiar with the defendant’s background;
• Prudhomme’s willingness to testify at Powell’s trial was a significant factor in Powell’s decision to plead guilty; and
12* this defendant’s participation in the instant crime was more along the lines of being an accessory because Powell actually committed the homicide.
Prudhomme apologized to the victim’s family, expressing her sorrow and accepting responsibility for her part in the crime. The trial court noted that:
• in considering this matter, its research and preparation confirmed that Prud-homme’s hands never touched the weapon used by Powell;
• Prudhomme knew that a robbery would take place;
• Prudhomme’s willingness to cooperate was a significant factor in Powell’s decision to plead guilty and receive a 40-year sentence; and
• a sentence of 20 years at hard labor would be appropriate.
A timely motion to reconsider sentence was denied.
Our law on sentencing is well settled.[1]
■ | ^Considering the totality of the record, the defendant’s hard labor sentence of 20 years’ imprisonment is not constitutionally excessive. The trial court took minimal, *548 but adequate, cognizance of the guidelines in La. C. Cr. P. art. 894.1.
This record clearly reflects that the trial court studied defendant’s PSI report. Although the PSI reflects that the defendant is a first felony offender with no juvenile record, her adult criminal record is not pristine. The report contains background information regarding the defendant’s personal history, including her age, family ties, marital status, self-reported poor health, limited education, and lack of employment. We do not find that the sentence imposed is grossly disproportionate to the severity of the offense, nor is it shocking to the sense of justice. This is especially true in light of the substantial advantage obtained by means of the defendant’s plea bargain whereby her charge was reduced to manslaughter from first degree murder. This is a just sentence.
DECREE
Defendant’s conviction and sentence are AFFIRMED.

. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the *548 criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284, writs denied, 2004-0834 (La.3/11/05), 896 So.2d 57, and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004 — 2606 (La.6/24/05), 904 So.2d 728. The record confirms that such elements were in fact considered in the case sub judice.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La. 1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La. 1/15/02), 805 So.2d 166; State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A substantial advantage obtained by means of a plea bargain, such as a reduction of the charge where the evidence shows the offender is guilty of the more serious offense originally charged, is a legitimate consideration in sentencing. State v. Smack, 425 So.2d 737 (La.1983); State v. Ross, 35,552 (La.App.2d Cir.2/27/02), 811 So.2d 176.