STEWART, J.
h The defendant, Sandy Washington, pled guilty to manslaughter and was sentenced to 20 years of imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. The defendant now appeals the sentence imposed as excessive. For the following reasons, we amend the defendant’s sentence to reflect parole eligibility, and affirm the sentence as amended.
FACTS
On October 17, 2001, Bossier police detectives were summoned to Schumpert *1205 Hospital to investigate the death of a two-month-old baby. The child appeared to be malnourished and dehydrated. The defendant was formally charged by bill of indictment with the first degree murder of her infant son on February 23, 2005. On January 22, 2007, the defendant accepted a plea bargain agreement and entered an Alford plea to the reduced charge of manslaughter. As a part of the plea agreement, the defendant’s sentencing range was limited to 10-20 years at hard labor without benefit of probation or suspension of sentence. A pre-sentence investigation report (PSI) was ordered.
At the sentencing hearing held May 22, 2007, the trial court again noted the terms of the plea agreement, which included the sentencing range of 10-20 years at hard labor. The court also noted it had reviewed the PSI. It observed that the defendant, a mother of four, is a first felony offender with a minor criminal history. The trial court observed that there was a difference of opinion, as to the cause of the child’s death, between the doctor who performed the autopsy and the defendant’s experts. The ^defendant was sentenced to 20 years at hard labor without benefit of probation, parole, or suspension of sentence., Defense counsel objected to the sentence as excessive. A motion to reconsider sentence was denied by the trial court. This appeal ensued.
DISCUSSION

Excessive Sentence

The defense argues the that the sentence imposed by the trial court is reviewable despite the provisions of La. C. Cr. P. art. 881.2.[1] It was understood by the State, the defendant, and the Court that the defendant would be allowed to review the sentence imposed by the trial court. The state counters that the sentence imposed is within the agreed range and is not excessive.
The defendant cites our recent decision in State, v. Foster, 42,212 (La.App.2d Cir.08/15/07), 962 So.2d 1214, to support the contention that the sentence can be reviewed by this court. In Foster, this court determined that the provisions of La. C. Cr. P. art. 881.2 cannot serve as a bar to a constitutional right of review of a defendant’s sentence where the defendant has not “intelligently waived” such rights. The instant case is distinguishable from our decision in Foster in that there was no reservation of right for review of the defendant’s sentence. The defendant refers to several points in the record to suggest that the right to review the sentence was reserved. At each juncture cited by the defendant, both during the | ¡¡guilty plea hearing and the sentencing, the trial judge noted that the defendant would be sentenced within the range of 10-20 years at hard labor. There is nothing in the language which would indicate any express or otherwise implied reservation of the right to seek review of the sentence. Thus, the defendant’s sentence, imposed within the agreed sentencing range, cannot be reviewed by this court in accordance with the provisions of La. C. Cr. P. art. 881.2.
Even if this court were to review the defendant’s sentence for constitutional ex-cessiveness, after a careful review of the record, we find that the sentence imposed is not excessive based on the facts and circumstances of this case.
*1206 The law regarding excessive sentence claims is well settled. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Landos, 419 So.2d 475 (La.1982); State v. | Hampton, 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284, writs denied, 2004-0834 (La.3/11/05), 896 So.2d 57 and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.04/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.06/24/05), 904 So.2d 728. There is no requirement that specific mat- . ters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonan-no, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La. 1992); State v. Hogan, 480 So.2d 288 (La. 1985); State v. Bradford, 29,519 (La. App.2d Cir.4/2/97), 691 So.2d 864.
The record shows that the trial court took adequate cognizance of the criteria set forth in La. C. Cr. P. art. 894.1 in tailoring this sentence to the defendant. The defendant received a great benefit by entering into the plea 15agreement wherein she reduced her initial sentence exposure from a potential death sentence to a maximum of 20 years. Furthermore, the defendant’s sentence was limited to half of the total exposure for the offense to which she pled guilty. When viewed in light of the harm done to society by such a serious offense, the defendant’s sentence does not shock the sense of justice. This record does not support a finding that the defendant’s sentence is unconstitutionally excessive.

Error Patent

This court’s error patent review reveals that the trial judge erred in ordering that the defendant’s sentence be served without benefit of parole. La. R.S. 14:31 (B) provides that the sentence should be served without benefit of probation or suspension of sentence, but does not deny parole eligibility. State v. Persley, 40,271 (La.App.2d Cir.12/16/05), 918 So.2d 491; *1207 State v. Douglas, 40,307 (La.App.2d Cir.10/26/05), 914 So.2d 608.
CONCLUSION
The defendant’s sentence is amended to delete the prohibition against parole eligibility. In all other respects, the sentence is affirmed.
SENTENCE AMENDED AND AFFIRMED AS AMENDED.

. La. C. Cr. P. art. 881.2(A)(2) provides: The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.