CARAWAY, J.
It Matthew E. Collier pled guilty to indecent behavior with juveniles and received a sentence of five years at hard labor with credit for time served. Collier has appealed urging that his sentence is excessive. We affirm.

Facts

On August 11, 2012, A.R. informed her aunt that Matthew Collier had been “messing” with her. At that time, A.R. was living with Collier and her sister, K.R., Collier’s wife.
Collier was originally charged with one count of the forcible rape of A.R., but on October 13, 2014, the charge was reduced to indecent behavior with juveniles, in violation of La. R.S. MiSl.[1]
On December 8, 2014, pursuant to a plea agreement, Collier pled guilty to the reduced charge and the state dismissed a separate count of molestation of another juvenile. In his guilty plea, Collier admitted to the following recitation of facts by the State:
Your honor, between the dates of June 2012 through August 9th of 2012, the defendant, Matthew Collier, committed the offense of indecent behavior with a juvenile in that he, being over the age of 17 years, and his date of birth is April 9th, 1992, committed lewd and lascivious acts upon the person and in the presence of a juvenile whose initials are A.R. and whose date of birth is October 24, 1997, so who would have been 14 years of age at the time of the offense, there being a greater of two years between Matthew Collier and the juvenile with the intent of arousing and gratifying the sexual desires of Matthew Collier.
| gSpecifically this offense occurred at the defendant’s residence which is 5708 McAlpine in Shreveport, Louisiana. The victim is the defendant’s sister-in-law who was living with the defendant and at the time his wife. The allegation that the victim indicated was that she had engaged in oral sex with the defendant shortly before this matter was reported to her aunt who subsequently reported the matter to the police. All these events occurred in Caddo Parish.
A presentence investigation report (“PSI”) showed that Collier had no prior criminal history. Letters from K.R. and the defendant were attached to the PSI. K.R. stated that she ultimately came to believe that the girls involved in the two offenses originally charged were being truthful. In his letter, Collier stated that he had grown and matured during his *27 incarceration and wished to complete a bachelor’s degree in Biblical Studies, which he began while incarcerated.
At the time of his plea in December 2014, Collier informed the court that he was 22 years old and “was a couple of hours away from my associate’s” degree in-crimina! justice. He stated that he worked in the food service industry. In a presentencing statement submitted to the court by Collier, he indicated that he was the owner of a catering business and was a student at a culinary school in Dallas.. Additionally, Collier explained that in July 20.11, his and KR.’s infant daughter died while in the care of 13-year-old A.R. She was never charged with the death of the child and Collier was still grieving.
On April 7, ’2015, Collier was sentenced to five years- at hard labor. The court noted its review of the PSI, and stated that, “given the gravity and seriousness of the. offense,” “any lesser sentence would deprecate the seriousness of the offense.” Collier was ordered to pay court costs, register |3as a sex offender for 15 years, undergo sex offender counseling, and have no contact with the victims in this matter.
Subsequently on April 15, 2015, Collier filed a motion to reconsider the sentence. He made no argument, but attached numerous certificates as evidence of his efforts at self-improvement while incarcerated. After the motion was denied, this timely appeal followed.

Discussion

Collier argues that a sentence of five years’ imprisonment for indecent behavior with juveniles, where there was an age difference of approximately four years and his lack of prior arrests or convictions, makes no measurable contribution to acceptable goals of punishment, is not meaningfully tailored to his guilt, the gravity of the offense and the circumstances of the conviction. Collier argues that, at the time of his arrest, he was seeking a college degree and was active in his community and church. He now desires to complete a Biblical Studies degree upon release. Collier contends that the trial court failed to set forth specific reasons for its sentence and notes that,, under La.' R.S. 14:81, no jail time was required and he could have been merely fined.
Failure to make or .file a motion to or to include a specific ground upon which, a motion to reconsider sentence may be based, shall preclude the state or the defendant from raising an objection to the sentence-or from urging any ground not raised in the motion on appeal or review. La.C.Cr.P. art. 881.1. Because Collier’s motion to reconsider sefitence included only a request for the court to consider evidence of his self-improvement, he is | delegated to review of his sentence for constitutional excessiveness only. State v. Mims, 619 So.2d 1059 (La.1993); State v. Allen, 49,642 (La.App.2d Cir.2/26/15), 162 So.3d 519, writ denied, 15-0608 (La.1/25/16), 184 So.3d 1289.
Under that standard,. we must determine whether the sentence is illegal, grossly disproportionate to the severity .of the offense so as to.be shocking to the sense of justice, or nothing more than a needless infliction, of pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Livingston, 39,390 (La.App.2d Cir.4/6/05), 899 So.2d 733. A sentence violates La. Const, art. I, § 20, if it is grossly out of proportion: to the -seriousness of the offense or nothing more than a purposeless and needless infliction of'pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A Sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it , shocks the sense of justicé. State v. Weaver, 01-0467 *28 (La.1/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379.
The trial court is given wide discretion in the imposition of sentences within the statutory limits. Such a sentence will not be set aside as excessive absent a manifest abuse of that discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Diaz, 46,750 (La. App.2d Cir.12/14/11), 81 So.3d 228.
| rA substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. State v. Mendenhall, 48,028 (La.App.2d Cir.5/15/13), 115 So.3d 727; State v. Ross, 35,552 (La.App.2d Cir.2/27/02), 811 So.2d 176. Accordingly, where a defendant has pled guilty to an offense which does not adequately ..describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Givens, 45,354 (La.App.2d Cir.6/23/10), 42 So.3d 451, writ denied, 10-1584 (La.1/14/11), 52 So.3d 902; State v. Germany, 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792, State v. Black, 28,100 (La. App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430.
For his conviction , of indecent behavior with juveniles, Collier faced punishment of a fine of not more than $5,000, or imprisonment with or without hard labor for not more than seven years, or both. Under La. R.S. 14:81(H)(1), Collier will not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of C.Cr.P. art. 893.[2]
Upon review of the record before us, we cannot find the: imposed sentence-to be illegally excessive. As noted above,' the instant conviction, initially charged as forcible rape, was reduced to a charge of inde-cént behavior with juveniles. For the originally charged offense, Collier faced | ^maximum sentencing exposure of 40 years. Lá. R.S. 14:42.1. For the dismissed molestation of a juvenile charge, Collier faced sentencing exposure of 25 to 99 years. La. R.S. 14:81.2.. Clearly, Colliér received a significant reduction in his sentencing exposure as the result of his guilty plea. The facts of record show that Collier took sexual- advantage of his wife’s 14-year-old sister.
The reduction in the original charge as well as the dismissal of other charges against Collier demonstrate that the.acts to which he pled guilty do not adequately describe his criminal conduct. While at the high end of the sentencing range, the imposed sentence was not the maximum sentence allowed under the- statute. Considering the broad discretion granted to the sentencing court in these matters, we find that the imposed sentence is not grossly disproportionate to the seriousness of the offense committed or a needless imposition of pain and suffering. For these reasons, this assignment of error is rejected and Collier’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. Indecent behavior with juveniles includes any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen where there is an age difference of greater than two years between the two pér-sons with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child’s age shall not be a defense. La. R.S. 14:81(A)(1).

. Collier also notes that when a defendant is classified as a "sex offender" under La. R.S. 15:536, and the victim was a juvenile, the provisions of' La. R.S. 15:537 prohibit the diminution of sentence for good behavior and La. R.S. 15:538 provides for'ineligibility for parole, probation, or suspension of sentence.