Judgment rendered January 15, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,194-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

DERRICK DUNCAN                              Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 205764

Honorable John D. Mosely, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Carey J. Ellis, III

JAMES E. STEWART, SR.                        Counsel for Appellee
District Attorney

TRENEISHA JACKSON HILL
CHARLES KENNETH PARR
Assistant District Attorneys

* * * * *

Before STONE, COX, and STEPHENS, JJ.

**STONE, J.**

The defendant, Derrick Duncan, was convicted upon jury trial of attempted armed robbery. He was subsequently adjudicated a third-felony habitual offender and sentenced to life imprisonment without the benefit of probation, parole, or suspension of sentence. Duncan's conviction and sentence were affirmed on appeal in an unpublished opinion. *State v. Duncan*, 34,933 (La. App. 2 Cir. 12/28/01), 810 So. 2d 584, *writ denied*, 02-0447 (La. 1/24/03), 836 So. 2d 37. This appeal is from a subsequent resentencing pursuant to *State ex rel. Esteen v. State*, 16-0949 (La. 1/30/18), 239 So. 3d 233, wherein Duncan was resentenced to 40 years at hard labor. For the following reasons, we affirm Duncan's sentence.[1]

## FACTS

On December 10, 1999, David Graham was in his bedroom when he heard a noise. When he walked out of his bedroom, he was confronted by two men, each of whom had a gun. Both men had on masks and were dressed in dark clothing. They demanded money from Mr. Graham, but he told them that he did not have any. Mr. Graham then began to yell and walk toward his son's house, which was next door. The two men followed Mr. Graham into the backyard and three shots were fired, one of which struck Mr. Graham. Mr. Graham tried to flee, but one of the men caught him and began "frisking" him.

---

[1] The initial record on appeal consisted only of the sentencing transcript from Duncan's most recent resentencing. The state filed a motion to supplement the record with the record from Duncan's direct appeal. Those three volumes are exhibits to this appellate record. The underlying facts of the offense are taken from the unpublished opinion in Duncan's direct appeal.

Josylin Bryant, Mr. Graham's daughter who lived in a neighboring house, heard the commotion and went outside to investigate. The man who was "frisking" her father ran toward her while carrying a small revolver. She picked up a brick and threw it at him. The man then shot at Ms. Bryant, but missed. Ms. Bryant proceeded to chase the man; however, she could not catch him, so she got into her vehicle and attempted to run over him. As she drove her car after the man, she saw that he had been joined by another person dressed in dark clothes and a ski mask. When the two men jumped into a ditch to avoid being run over, one of them took off his mask, which enabled Ms. Bryant to later identify him as Antonio Deshaun Green. The two men then disappeared into the woods.

A few minutes later, the two men knocked on the door of Kim White, who lived in the vicinity and knew the men as Derrick Duncan and Antonio Green. Ms. White testified that both men had on dark clothing and Green had a black pistol lodged in the waistband of his pants. After Ms. White received a phone call, she told Duncan and Green to leave and heard Duncan say that he needed to "throw away the mask."

Duncan and Green were later arrested. Duncan was charged with two counts of attempted second degree murder and one count of attempted armed robbery. Duncan was acquitted of the two attempted second degree murder charges but convicted of attempted armed robbery.[2] Duncan was subsequently adjudicated a third-felony habitual offender and was sentenced to life imprisonment without the benefit of probation, parole, or suspension

---

[2] Duncan and Green were tried together. Green was convicted of two counts of attempted second degree murder and both defendants were convicted of attempted armed robbery.

of sentence. Duncan's conviction and sentence were affirmed on appeal in an unpublished opinion. *State v. Duncan, supra.*

On March 2, 2018, Duncan filed a successful "Motion to Correct Illegal Sentence" based on the supreme court decision in *State ex rel. Esteen v. State, supra.* Duncan correctly argued that under *Esteen, supra,* because less than all of his total of three felony convictions fit into the categories described in La. R.S. 15:529.1(A)(1)(b)(ii), he was entitled to be resentenced pursuant to the version of La. R.S. 15:529.1(A)(1)(b)(i) as amended in 2001.

Eventually,[3] the trial court resentenced Duncan to 40 years at hard labor. Duncan timely filed motion to reconsider sentence urging only constitutional excessiveness, which the trial court denied. Thereupon, Duncan filed for and was granted this out-of-time appeal of his sentence.

## DISCUSSION

As his sole assignment of error, Duncan challenges his sentence as constitutionally excessive. However, in brief, he also argues that the trial court did not adequately articulate the factors considered in sentencing as required by La. C.Cr.P. art. 894.1.[4]

---

[3] Initially, the trial court resentenced Duncan to 70 years at hard labor, but later vacated that sentence and imposed the current sentence of 40 years. According to Duncan's motion to vacate the 70-year sentence, at the initial resentencing hearing, the public defender, Michelle Andrepont, who was in court on another matter, advised the trial court that she had no knowledge of Duncan's matter and was unaware that the IDB had been appointed to represent Duncan on resentencing. Ms. Andrepont further advised that she had never looked at Duncan's file and was unable to argue on his behalf. Despite this, the trial court went forward with the resentencing with Ms. Andrepont as Duncan's counsel. The assistant district attorney requested a 70-year sentence and Ms. Andrepont requested a lesser sentence. The trial court imposed the 70-year sentence. After the hearing, Ms. Andrepont filed the motion to vacate sentence and requested a new hearing, which the trial court granted.

[4] Appellate defense counsel mentions several times in brief that "there are very few facts" in the record on appeal. We note, however, that defense could have designated or requested supplementation of the prior record on appeal as did the state.

3

La. C.Cr.P. art. 881.1(E) precludes a defendant from presenting sentencing arguments to the court of appeal which were not presented to the trial court. Thus, when a defendant only asserts a claim of constitutional excessiveness in the motion to reconsider sentence, he or she is relegated to that issue on review. *State v. Mims*, 619 So. 2d 1059 (La. 1993); *State v. Collier*, 50,370 (La. App. 2 Cir. 4/13/16), 194 So. 3d 25; *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 15–0608 (La. 1/25/16), 184 So. 3d 1289. Thus, because Duncan, in his motion to reconsider sentence, failed to argue that the trial court did not articulate a factual basis for the sentence, he waived his entitlement to review of that issue on appeal. *State v. Stevens,* 33,700 (La. App. 2 Cir. 8/23/00) 766 So. 2d 634, 641. Nonetheless, we find that the record supports Duncan's sentence.[5]

A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the

---

[5] The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. DeBerry*, 50,501(La. App. 2 Cir. 4/13/16), 194 So.3d 657. Important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. DeBerry*, *supra*. There is no requirement that specific matters be given any particular weight at sentencing. *State v. DeBerry*, *supra*; *State v. Shumaker*, 41,547 (La. App. 2 Cir. 12/13/06), 945 So. 2d 277, *writ denied*, 07-0144 (La. 9/28/07), 964 So. 2d 351.

sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. DeBerry*, *supra*. The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Allen*, *supra*.

At the last sentencing hearing, defense counsel urged that, at the previous sentencing when Duncan was sentenced to 70 years, the trial court may have been under the misconception that Duncan was the shooter in the underlying offense, when, in fact, Duncan was found not guilty of attempted second degree murder and it was his codefendant, Green who was the shooter and was convicted of those charges. Defense counsel also provided the trial court with certificates of completion of various programs Duncan had satisfactorily completed during his incarceration and argued that this supported a more lenient sentence.

The prosecution acknowledged this, yet requested that the trial court maintain the 70-year sentence based on Duncan's criminal history, which included a prior drug offense and two prior convictions for simple burglary.[6]

The trial court then imposed a sentence of 40 years with credit for time served "based on the totality of the circumstances, the testimony in the trial, the arguments of the state, [and Duncan's] criminal history."

Duncan's sentence is not constitutionally excessive and is well-supported by the record. The trial judge did not abuse his discretion by

---

[6] For purposes of sentencing Duncan under the Habitual Offender Law, these two convictions are counted as one because they were obtained on the same day and were obtained prior to October 19, 2004. La. R.S.15:529.1(B).

imposing a 40-year sentence, which falls near the minimum end of Duncan's sentencing range. Duncan and his co-perpetrator, each of whom was armed with a firearm, broke into David Graham's home while Mr. Graham was sleeping and tried to rob him at gunpoint. During the incident, Duncan's co-perpetrator shot David Graham, and shot at Josylin Bryant (Mr. Graham's daughter) but missed her. Duncan was adjudicated a third-felony offender based on a prior conviction of possession of Schedule II CDS and conviction on two counts of simple burglary. Again, the sentencing judge presided over Duncan's trial and expressly stated that he considered the facts of the case presented at trial, as well as Duncan's criminal history. Duncan's near-minimum sentence is not constitutionally excessive, and is supported by the record.

## CONCLUSION

For the foregoing reasons, the defendant's sentence is affirmed.

**AFFIRMED.**